D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARILYN COHEN,

               **Plaintiff,**

         v.

ALBA WHEELS UP INT'L INC.,
SALVATORE STILE II, and
DAMIEN STILE

               **Defendants.**
-----------------------------------------------------------x

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

    1.    Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

    2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

    3.    Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Alba Wheels Up Int'l Inc. ("Alba") is a customhouse broker and international freight forwarding company located at 150-30 132 Avenue, Jamaica, New York 11434.

5. Upon information and belief, Alba Wheels Up Int'l Inc. has an annual gross volume of sales in excess of $500,000.

6. Defendants Salvatore Stile II and Damien Stile (collectively, the "Individual Defendants") are the owners of Alba Wheels Up Int'l Inc.

7. The Individual Defendants exercise sufficient control of Alba's day to day operations to be considered Plaintiff's employers under New York law.

8. Plaintiff Marilyn Cohen was employed by Defendant as a customhouse broker from January 2008 to May 2015.

## FACTS

9. On October 19, 2015, Plaintiff was issued a Right to Sue from the Equal Employment Opportunity Commission.

10. Plaintiff is an Orthodox Jew.

11. Plaintiff is 67 years old.

12. Plaintiff is a licensed customhouse broker.

13. In January 2008, Plaintiff began working for Alba as a customhouse broker.

14. Alba hired Plaintiff primarily because Plaintiff brought with her the business accounts she had developed over 29 years at her prior company, I.L Cohen Co., Inc., where she was the owner and president.

15. Almost from the onset of Plaintiff's employment at Alba, the Individual Defendants began to discriminate against her on the basis of her religion.

16. For example, Plaintiff had made clear to the Individual Defendants during her hire negotiations that she would need to take those days off and that this was a condition of her future employment.

17. However, Damien Stile ("Damien") and Salvatore Stile ("Sal") often berated and complained to Plaintiff about the days that she could not work due to religious holidays.

18. On the eve of Rosh Hashana in 2011, Damien shouted at Plaintiff, "I don't want to hear any more about your Sabbaths or holidays. You need to be at work when we need you to."

19. After the above incident, Damien tried to insist that Plaintiff limit the number of religious days off she would take, despite the fact that the number of days varied from year to year and were not in Plaintiff's control.

20. Despite Plaintiff's clear insistence on kosher observance, Sal would often taunt her, saying, "It's okay, eat whatever you want. We won't tell your husband."

21. In August 2012, at a baby shower for Sal's daughter, Sal publicly demeaned Plaintiff's kosher observance in front of the entire Alba staff.

22. On another occasion, Sal instructed Plaintiff to perform a task for him and, again mocking Plaintiff's kosher observance, stated, "If you do this I won't make you eat cheese with your pork."

23. All events made by Alba, such as annual Christmas and Thanksgiving parties, baby showers, retirement parties, and other celebrations, include religious ceremonious invocations. Plaintiff was required, under threat of termination, to attend these events, despite her numerous protests on religious grounds.

24. On one occasion, Plaintiff complained to Sal about a T-shirt that Charlie, a trucker who frequently did work for Alba, wore in the office. The T-shirt said, "Pussy, the most expensive thing you will ever eat." Plaintiff made clear to Sal that such language in the workplace offended her as an Orthodox Jew.

25. Shortly after that incident, Sal mocked Plaintiff in front of the entire sales department. After referring to a new employee named Lex, Sal said, "Marilyn, notice I said 'Lex,' not 'sex' because I know how you feel about sex. And Charlie says your mind is in the gutter." Plaintiff was embarrassed and humiliated.

26. Several years ago, Plaintiff suggested an acquaintance, Zachary Edinger, as a potential employee. Mr. Edinger was interviewed by Charles Spoto, a compliance manager at Alba. After the interview, Mr. Spoto told Plaintiff that he thought Mr. Edinger was very qualified. However, Mr. Spoto said that Alba would not hire any Orthodox Jews because there would need to be accommodations made for religious observance.

27. Sal and Damien further discriminated against Plaintiff by making her the butt of all jokes at sales meetings and by conversing with her in a nasty and disrespectful manner.

28. For example, on one occasion Damien referred to Plaintiff's son, a prominent Rabbi who had performed some work for Alba, as a "fucking entry clerk."

29. With the exception of one or two other employees, Plaintiff was significantly older than rest of the workforce at Alba.

30. In or around the beginning of 2013, Alba tried to push Plaintiff out of the company on the basis of her age and religion.

31. Damien repeatedly told Plaintiff that the "time had come" for Plaintiff to retire and that Plaintiff should "go to Israel."

32. Damien and Sal also began to repeatedly criticize Plaintiff's work and threaten her with termination.

33. Over the next several years, even though Plaintiff's vacations were always approved by Alba, Damien and Sal would make frequent nasty comments regarding Plaintiff's leave for religious holidays.

34. In or about May 2015, shortly after Passover, Damien and Sal complained about Plaintiff's leave for Passover and requested an in-person meeting.

35. Suspecting that Alba would further discriminate against her or try to push her out of the company, Plaintiff requested to have an attorney present at the meeting.

36. Defendants retaliated against Plaintiff by immediately terminating her employment following her request.

37. As a result of Plaintiff's loss of employment, she has suffered lost wages and mental anguish.

38. On or about August 11, 2015, Plaintiff filed a Charge of Discrimination against Alba with the Equal Employment Opportunity Commission ("EEOC") containing the factual allegations set forth in this Complaint.

39. On or about October 19, 2015, upon Plaintiff's request, the EEOC issued Plaintiff a Notice of her Right to Sue.

40. Simultaneous with the filing of this Complaint, Plaintiff will serve a copy of this pleading on the New York City Corporation Counsel.

### FIRST CLAIM FOR RELIEF
### (Title VII Discrimination-Brought Against Defendant Alba)

41. Plaintiff incorporates by reference each allegation of each preceding paragraph.

42. In violation of Title VII, Defendant Alba discriminated against Plaintiff on the basis of her age and religion, and terminated her in retaliation for complaining about the discrimination

43. Defendant Alba's discrimination against Plaintiff was committed with reckless and callous disregard of her Title VII right to a workplace free from discrimination based on age and religion.

44. As a result of Defendant Alba's unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (New York City Human Rights Law ("NYCHRL")
### N.Y. Admin. L. §§ 8-101 *et seq.* – Age and Religious Discrimination
### Brought Against All Defendants)

6

45. Plaintiff incorporates by reference each allegation of each preceding paragraph.

46. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her age and religion, and terminated her in retaliation for complaining about the discrimination.

47. As a direct and proximate consequence of Defendants' age and religious discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary.

48. As a direct and proximate consequence of Defendants' age and religious discrimination against Plaintiff, she has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and physical pain and suffering.

49. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

50. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including, back pay, front pay, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
November 2, 2015

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum

32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.